**John G. SPENSIERI, Jr.,**
**Plaintiff–Appellant,**

v.

**FARMERS ALLIANCE MUTUAL**
**INSURANCE COMPANY,**
**Defendant–Appellee.**

**No. 89CA1402.**

Colorado Court of Appeals,
Div. III.

Oct. 11, 1990.

Rehearing Denied Dec. 6, 1990.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

William A. Richardson, Denver, for plaintiff-appellant.

Wood, Ris & Hames, P.C., Stephen E. Connor, Denver, for defendant-appellee.

Opinion by Judge PIERCE.

Plaintiff, John Spensieri, appeals the amount of attorney fees, expert witness fees, and prejudgment interest and costs awarded by the trial court after plaintiff prevailed on a jury award for medical bills. We affirm in part, reverse in part, and remand with instructions.

Plaintiff sued defendant, Farmers Alliance Mutual Insurance Company, for his unpaid medical bills resulting from injuries sustained in an automobile accident. Plaintiff claimed $9,879.36 in unpaid medical expenses was owed by his insurer. The case was tried before a jury which returned a verdict for plaintiff in the amount of $2,555.50. The trial court entered judgment in favor of plaintiff, and further ordered that "[p]laintiff shall be entitled to interest, attorney's fees and costs as provided by law...."

Plaintiff requested attorney fees in the amount of $15,705 for 104.7 hours of work at a rate of $150 per hour. In support of his request, plaintiff filed an affidavit averring that this rate was reasonable for an attorney of his counsel's experience in the community and submitted a district court order approving such an award in a similar case. In addition, plaintiff requested expert witness fees in the amount of $2,205, representing five hours of in-court testimony at $300 per hour, and 4.7 hours of trial preparation and travel time at $150 per hour.

The trial court ordered defendant to pay attorney fees in the amount of $2,500, expert witness fees in the amount of $750, and prejudgment interest in the amount of $354.06.

## I.

Plaintiff contends that the trial court erred in its award of attorney fees under § 10–4–708(1), C.R.S. (1987 Repl.Vol. 4A) (as then in effect). Specifically, plaintiff contends that the amount awarded was unreasonable in light of the amount of time spent on the case and the reasonable hourly rate reflected in his request for attorney fees. We conclude that further findings are necessary to resolve this issue.

The trial court agreed that plaintiff was entitled to recover reasonable attorney fees. *See* § 10–4–708(1); *Leland v. Travelers Indemnity Co.*, 712 P.2d 1060 (Colo. App.1985). However, in determining the fees to be awarded to plaintiff, the trial court concluded that the existence of a contingent fee arrangement was only one factor to be considered. The court rejected defendant's argument that the amount of recovery was necessarily limited thereby, but apparently considered the limited success obtained by plaintiff's attorney to be a significant factor. Accordingly, the trial court awarded only $2,500 as reasonable fees, even though such amount would not compensate plaintiff's attorney "to the full extent of the services performed."

An award of attorney fees must be reasonable. A determination of reasonableness is a question of fact for the trial court and "will not be disturbed on review unless it is patently erroneous and unsupported by the evidence." *Hartman v. Freedman*, 197 Colo. 275, 591 P.2d 1318 (1979); *Williams v. Farmers Insurance Group, Inc.*, 781 P.2d 156 (Colo.App.1989). If, as here, the statute pursuant to which an award of attorney fees is made, does not provide a specific definition of "reasonable," then such compensation should be determined in light of all circumstances for the time and effort reasonably expended by the prevailing party's attorney. *See Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989).

The initial estimate by the court of a reasonable attorney fee based on the evidence is the calculation of the "lodestar" amount. This amount represents the number of hours reasonably expended multiplied by a reasonable hourly rate. It carries with it a strong presumption of reasonableness. *Blanchard v. Bergeron, supra.*

Nevertheless, after the initial determination, the trial court may, in its discretion, adjust this calculation by consideration of other factors. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974); Code of Professional Responsibility DR 2-106(B); *see also* § 13-17-103, C.R.S. (1987 Repl.Vol. 6A). However, many of these factors will be reflected in the lodestar amount, and no adjustments should be made if the lodestar amount already reflects these considerations. *Squillacote v. United States*, 626 F.Supp. 127 (E.D.Wis.1985).

One of the factors to be considered in fashioning an appropriate fee award can be the amount recovered by the client. *Mau v. E.P.H. Corp.*, 638 P.2d 777 (Colo.1981). Such recovery amount can be used in balance against a claimed amount which is in controversy because § 10-4-708 C.R.S. (1987 Repl.Vol. 4A) does not preclude an award of attorney fees in excess of either the total amount of medical bills in controversy or the amount awarded after trial. We devine the intent of the General Assembly in enacting this statute to be that it wished to assure that all accident related expenses are promptly paid by the insurer and that, under appropriate circumstances, the wrongful refusal to pay will require an award of attorney fees which may exceed the economic value of the claim.

On the other hand, the attorney representing the client, must be held to a standard of reasonable competency in preparing and trying the case and must give consideration to the economic aspects involved in the controversy.

If the attorney provides a reason and rational basis for the work done, he or she should be compensated accordingly, and, of course if he or she should fail to establish such a basis, limiting the award of attorney fees is appropriate. *Heller v. First National Bank*, 657 P.2d 992 (Colo. App.1982).

Likewise, the presence of a pre-existing fee arrangement may aid in the determination of the reasonableness of a fee award as it is helpful in demonstrating the attorney's fee expectations. However, the reasonableness of the fee must still be demonstrated, and the use of such an agreement is only one factor for the court to consider. *Blanchard v. Bergeron, supra; Bakehouse & Associates, Inc. v. Wilkins*, 689 P.2d 1166 (Colo.App.1984).

Also, no one factor should be determinative. The criterion for the court is not what the parties agreed, but what reflects reasonable value for services rendered. *Johnson v. Georgia Highway Express, Inc., supra.*

Here, the trial court apparently considered the existence of a contingent fee agreement between plaintiff and his counsel as one factor in fashioning the award. It then concluded that the amount sought in this case was appropriately reduced in light of the minimal amount recovered in relation to the initial amount in the complaint.

However, there is no discernible correlation between the award given and the figure submitted by plaintiff's counsel. The trial court did not make an initial determination as to the reasonableness of the hours expended. It, therefore, failed to elucidate effectively the factors it considered in its determination of the award. In short, the record provides an insufficient basis for a review of the trial court's conclusion concerning the reasonableness of its award. *See Johnson v. Georgia Highway Express, Inc., supra; Mau v. E.P.H. Corp., supra.* Accordingly, its order cannot stand, and the cause must be remanded for a more specific determination of the hours reasonably expended and the factors and calculations used in the court's determination of a reasonable attorney fee award.

II.

Plaintiff also contends that the trial court abused its discretion in the award of expert witness fees. We disagree.

Expert witnesses "shall receive additional compensation, to be fixed by the court, with reference to the value of the

time employed and degree of learning or skill required." Section 13–33–102(4), C.R.S. (1987 Repl.Vol. 6A). An award of expert witness fees and its amount are within the sound discretion of the trial court. *Crawford v. French,* 633 P.2d 524 (Colo.App.1981).

Here, plaintiff's expert testified for five hours. He also submitted a request to the court for fees in connection with three and one-half hours of preparation time and one and two-tenths hours travel time. The trial court concluded that "[the expert's] testimony was unduly long," that two hours would have been adequate, and that fair and reasonable compensation would be for a total of three hours of court testimony at a rate of $200 per hour. It awarded one hour preparation time at a rate of $150 per hour. The court disallowed any fee for travel time, so the total expert witness fee was $750. We find no abuse of discretion in this award. *See Yeager Garden Acres, Inc. v. Summit Construction Co.,* 32 Colo. App. 242, 513 P.2d 458 (1973).

### III.

■■■ Plaintiff further contends that the trial court erred in computing the amount owed in prejudgment interest under § 10–4–708(1). We disagree.

After both counsel submitted their calculations of prejudgment interest, the trial court ordered an award based on its own calculations. The court then inquired whether plaintiff's counsel disagreed with its calculations. Plaintiff's counsel replied, "I'll accept the court's figures, Your Honor."

Even if we assume that the trial court's calculations were erroneous, plaintiff's contentions will not be considered in view of the admission of the appropriateness of the court's award. *See Montgomery Ward & Co. v. Andrews,* 736 P.2d 40 (Colo.App. 1987).

The trial court's award of attorney fees is reversed, and the cause is remanded with instructions that further hearings be held consistent with this opinion. The award of expert witness fees and prejudgment interest is affirmed.

NEY and DUBOFSKY, JJ., concur.