Craig STEVENS, Plaintiff–Appellee
and Cross–Appellant,

v.

MOORE AND COMPANY REALTOR, a Colorado corporation, Lincoln Jeffers, and Jonna Beardsley, Defendants–Appellants and Cross–Appellees.

No. 93CA0594.

Colorado Court of Appeals,
Div. V.

April 21, 1994.

and Orthopedic Rehabilitation, Inc. (SCOR) for a term of approximately three years. SCOR abandoned the property five months later, in January 1990, and Stevens retained Realtors in an attempt to obtain a new tenant. Realtors received an offer from a potential tenant a short time later, but they neglected to relay this offer to Stevens. The property remained vacant during the ensuing months, and in September 1990, Stevens filed suit against SCOR for breaching the lease.

During the course of his suit against SCOR, Stevens learned of the offer from the potential tenant, and he then filed suit and obtained a judgment against Realtors on claims for negligence and breach of fiduciary duty. The trial court ruled that the SCOR suit was "in considerable part a natural and probable consequence" of Realtors' conduct, and it therefore awarded a portion of the attorney fees and costs incurred in that case, as well as the fees and costs incurred in obtaining the judgment against Realtors.

French, West, Wood & Brown, P.C., Lynne M. Sholler, Breckenridge, for plaintiff-appellee and cross-appellant.

Frascona and Joiner, P.C., Joseph Adams Cope, Joyce M. Bergmann, Boulder, for defendants-appellants and cross-appellees.

Opinion by Judge CASEBOLT.

In this negligence and breach of fiduciary duty action, plaintiff Craig Stevens obtained a judgment against his former real estate agents, defendants Moore and Company Realtor, Lincoln Jeffers, and Jonna Beardsley, (Realtors), based on their failure to present him with an offer from a person who was interested in renting a commercial property that had been abandoned by the previous tenant. The damages assessed against Realtors in this bench trial included a portion of the attorney fees and costs Stevens had incurred in a separate suit against the previous tenant for unpaid rent, together with a portion of the fees and costs incurred in prosecuting this action. We affirm in part, reverse in part and remand for additional findings.

In the summer of 1989, Stevens subleased commercial property to Sports Conditioning

## I.

Realtors first contend that the trial court erred in awarding to Stevens a portion of his attorney fees and costs for the SCOR litigation. We disagree.

Generally, a plaintiff's attorney fees are not considered the "legitimate consequences of the tort or breach of contract sued upon," and thus may not be recovered from the defendant in the action. *Bunnett v. Smallwood,* 793 P.2d 157, 160 (Colo.1990). However, "[w]hen the natural and probable consequence of a wrongful act has been to involve plaintiff in litigation with others," the attorney fees incurred in that litigation are considered to be damages proximately caused by the wrongful conduct, and may be recovered by the plaintiff in a "separate action" against the wrongdoer. *See Swartz v. Bianco Family Trust,* 874 P.2d 430 (Colo. App.1993).

This rule, known as the wrong-of-another doctrine, was the basis of Stevens' request for an award of the attorney fees he had incurred in his lawsuit against SCOR. According to Stevens, Realtors' wrongful conduct should be considered a cause of the

SCOR suit because he would not have commenced his litigation against SCOR had he been aware of the offer from the potential tenant, since he would have accepted the offer. Further, Stevens contends, Realtors' wrongful conduct was also a cause of his settlement with SCOR for less than the full amount due under the SCOR lease because Realtors' conduct gave rise to a defense of failure to mitigate damages in the SCOR litigation.

The trial court found, as a matter of fact, that the attorney fees Stevens incurred in the SCOR litigation were attributable, in considerable part, to Realtors' conduct. There is record support for the trial court's findings, and thus, those findings are binding on appeal. *Young v. Golden State Bank,* 632 P.2d 1053 (Colo.App.1981).

Realtors contend that their conduct must be the sole cause of Stevens' attorney fees and costs in the SCOR litigation, otherwise those expenses are not recoverable as damages. We disagree.

Recovery is allowed when the wrongful conduct is one of the causes that in natural and probable consequence produced the claimed expense. It need not be the *sole* cause.

This holding is consonant with the law regarding causation in tort cases. *See Kaiser Foundation Health Plan v. Sharp,* 741 P.2d 714 (Colo.1987); *Rupert v. Clayton Brokerage Co.,* 737 P.2d 1106 (Colo.1987). *See also* Restatement (Second) Torts § 439 comment (b) (1979) which states:

> If the harm is brought about by the substantially simultaneous and active operation of the efforts of both the actor's negligent conduct and of an act of a third person which is wrongful towards the other who is harmed, the conduct of each is a cause of the harm, and both the actor and the third person are liable.

Here, the conduct of Realtors and SCOR harmed Stevens, and each is a cause of the harm. The breach of lease was ongoing from the abandonment of the premises, and the breach of fiduciary duty and negligence was ongoing because of Realtors' continuing failure to disclose. Hence, both can be said to be substantially simultaneous for purposes of this analysis.

Because Realtors' conduct was found, on supporting evidence, to be "in considerable part" the cause of the attorney fees and costs in the SCOR litigation, the trial court's apportionment of attorney fees and costs was proper, especially in view of the trial court's setoff against the damages here of a major portion of the amount Stevens recovered in the SCOR litigation.

■ While the trial court did not grant Stevens all of the attorney fees and costs he incurred in the SCOR litigation, undoubtedly because it found that the SCOR expense was not wholly precipitated by Realtors' conduct, it did not articulate the means or methods it used to decide how much of the fees and costs to award, thus precluding appellate review of that determination. Moreover, the trial court did not explicitly find that the fees it did award were reasonable. Hence, the award of such fees cannot stand and the matter must be remanded to the trial court for it to articulate its basis for the amount of fees and costs awarded and to determine the reasonableness issue. *See Spensieri v. Farmers Alliance Mutual Insurance Co.,* 804 P.2d 268 (Colo.App.1990).

## II.

Realtors next contend that the trial court erred in granting Stevens the attorney fees incurred in this litigation with Realtors. We agree.

This portion of the judgment cannot be justified under the wrong-of-another doctrine, since that rule only allows the recovery of the legal expenses and costs incurred in a *separate* claim. *See McNeill v. Allen,* 35 Colo.App. 317, 534 P.2d 813 (1975).

■ We reject the alternative argument asserted by Stevens in the trial court, *i.e.* that the attorney fees from this action should be awarded as damages because Realtors stood in a fiduciary relationship with him.

This argument is based on the decisions in *Buder v. Sartore,* 774 P.2d 1383 (Colo.1989); *In re Conservatorship of Roth,* 804 P.2d 265 (Colo.App.1990); and *Heller v. First Nation-*

al Bank, 657 P.2d 992 (Colo.App.1982). These decisions, however, simply recognize that: "The award of attorney fees in a breach of trust action is an exception to the general rule prohibiting awards of attorney's fees absent statutory or contractual provisions." *Heller v. First National Bank, supra,* 657 P.2d at 999. This limited exception is equitable in nature and applies to breach of trust actions. In our view, it cannot be reasonably interpreted as applying here, where a wrongful act was committed by a fiduciary which did not involve any funds of a beneficiary.

### III.

 Realtors next contend that the trial court should have conducted a hearing on the attorney fees issue. Under the circumstances presented here, we agree.

The trial court, with the concurrence of the parties, properly deferred the determination of this issue until the merits of the case were decided. *See Ferrell v. Glenwood Brokers, Ltd.,* 848 P.2d 936 (Colo.1993). It allowed Stevens and Realtors to submit affidavits and argument concerning fees and costs. Stevens and Realtors complied. Realtors' request for hearing was denied.

Contrary to Realtors' contention, C.R.C.P. 121, § 1–22(2)(c) does not apply here because attorney fees were awarded as *damages,* and hence that rule is not applicable. However, because the award for the SCOR litigation expenses represents part of the damages claimed in this proceeding, on remand an evidentiary hearing on the SCOR fees and costs should be permitted. *See Ferrell v. Glenwood Brokers, Ltd., supra.*

Since we are reversing the award of fees incurred in this action, no hearing on those fees is necessary.

### IV.

In view of the foregoing, we reject Stevens' cross-appeal that the trial court erred in failing to award all of the fees and ex-

penses incurred in the SCOR litigation and, since the award of costs in this litigation is discretionary, we decline to overturn the trial court's award of less than all the costs incurred by Stevens.

Further, there is no merit to Stevens' contention that Realtors' appeal is frivolous or groundless.

Accordingly, the judgment awarding attorney fees incurred for this litigation with Realtors is reversed, and the cause is remanded to the trial court with directions to hold an evidentiary hearing, articulate the basis for the amount of fees and costs awarded due to the SCOR litigation, and to determine the issue of reasonableness. In all other respects, the judgment is affirmed.

RULAND and PIERCE,* JJ., concur.