**FLAGSTAFF ENTERPRISES
CONSTRUCTION, INC.,**
Plaintiff–Appellee,

v.

**Theodore P. SNOW and Constance M.
Snow, Defendants–Appellants.**

No. 94CA1205.

Colorado Court of Appeals,
Div. IV.

Nov. 9, 1995.

Hutchinson Black & Cook, L.L.C., C. Brad Peterson, Boulder, for Plaintiff–Appellee.

Stone, Sheehy, Rosen & Byrne, P.C., Andrew Rosen, Boulder, for Defendants–Appellants.

Opinion by Judge NEY.

In this construction contract dispute, defendants, Theodore P. and Constance M. Snow (owners), appeal the judgment entered after a trial to the court in favor of plaintiff, Flagstaff Enterprises Construction, Inc. (builder). We affirm.

The parties entered into an oral agreement for builder to sell the owners land and build a home for them on the land. It is undisputed that the original price of the land and the home was $210,000, which later increased to $215,020. It is also undisputed that owners paid a portion of the total purchase price and that the parties orally agreed that the owners would pay the balance over a thirty-year period. However, the parties dispute the amount of the final purchase price and the amount of the unpaid balance.

Builder brought this action when owners ceased making payments on the balance. Owners asserted, as an affirmative defense, a setoff related to an allegedly defective roof.

At trial, builder introduced testimony that owners requested construction changes totalling an additional $18,900, thus increasing the total purchase price from $215,020 to approximately $234,000. Builder introduced evidence that the parties orally agreed that there was an unpaid balance due builder of $30,000, which would be paid over thirty years at 10% interest, with monthly payments of $275. Builder's evidence included a thirty-year amortization schedule hand-written by owner Theodore Snow showing a beginning balance of $30,000, as well as copies of owners' monthly checks to builder, or its assignee, showing uniform payments for five years in accordance with this amortization schedule.

Builder presented evidence that it had received $187,890 of the price from the owners' bank and a $15,000 payment directly from the owners, for a total of $202,890. Builder also testified that the parties agreed the unpaid balance was $30,000 *after* the owners had made the $15,000 payment. Builder testified that the total amount owed by owners, with unpaid interest, was $34,000.

Owners testified that the final price did not increase above $216,000. They disputed there were changes that increased the price of the home, stating that some of the changes described by builder had been included in the original plans for the home. They also testified that they had paid for some of the contract items themselves.

The owners acknowledged they had agreed with builder that there was an unpaid balance of $30,000. However, they testified they made this agreement in the belief that they had only paid $185,000 at that time. They testified that *after* the parties reached the amortization agreement relating to the $30,000 balance, they made a lump sum prepayment of $15,000 towards this balance. They also testified that seven years after this agreement, they concluded they had paid for the home's building permit at the start of construction, which reduced their unpaid balance by $16,000. They testified that this reduction, together with the payment of $15,000, left no unpaid balance.

After a bench trial, the trial court found that the purchase price had increased to $234,000 because of construction changes requested by the owners and that the owners had only paid builder $202,890. The trial court found that the parties had taken these figures into account when they agreed the unpaid balance was $30,000. Thus, the trial court ruled that the owners breached their agreement to make monthly payments on the $30,000 balance and owed builder $34,722.40.

I.

■ The owners contend the trial court's finding that owners had paid builder only $202,890.07 was contrary to the undisputed evidence. We disagree.

■ There is a presumption that a judgment entered by the trial court is correct. *Colorado National Bank—Boulder v. Zerobnick & Sander, P.C.,* 768 P.2d 1276 (Colo. App.1989).

■ The trial court's determination of the sufficiency, probative effect, and weight of the evidence, as well as the credibility of the witnesses must be accepted on appeal unless the findings are so clearly erroneous as not to find support in the record. *M.D.C./Wood, Inc. v. Mortimer,* 866 P.2d 1380 (Colo.1994).

■ And, when evidence is conflicting, a reviewing court may not substitute its conclusions for those of the trial court merely because there may be credible evidence supporting a different result. *See Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

■ Here, the record reveals that the issues concerning the amounts paid by the owners and owed to the builder were the subjects of conflicting testimony. Nevertheless, after the controversy arose, both parties agreed that a $30,000 balance was owed to the builder. *See Caldwell v. Armstrong,* 642 P.2d 47 (Colo.1982). The trial court's findings and conclusions are adequately supported by the record. Thus, they are binding on appeal. *See M.D.C./Wood, Inc. v. Mortimer, supra.*

■ We do not consider owners' argument that the parties' agreement was based on a mutual mistake of fact because it was raised for the first time in their reply brief. *See People v. Czemerynski,* 786 P.2d 1100 (Colo. 1990); *Knappenberger v. Shea,* 874 P.2d 498 (Colo.App.1994) (issues not presented in an opening brief generally are not considered by the court).

## II.

■ The owners next contend that the trial court erred in ruling that the statute of limitations barred their affirmative defense based on a setoff for defective construction. We do not address this contention because it was not properly presented to the trial court. *See In re Estate of Stevenson v. Hollywood Bar & Cafe, Inc.,* 832 P.2d 718 (Colo.1992) (issues, defenses, and objections not presented at trial and considered or ruled upon by a trial court are deemed waived and cannot be raised for the first time on appeal).

Because the owners first contended that the applicable statute of limitations was

§ 13–80–109, C.R.S. (1987 Repl.Vol. 6A) in their reply brief in support of their C.R.C.P. 59 motion, the builder was unable to address owners' contention before the trial court, and the trial court made no findings or conclusions as to owners' contention. *See Dahl v. Young,* 862 P.2d 969 (Colo.App.1993) (issue raised after all evidence and argument concluded not considered on appeal). Hence, the reasoning of *People v. Czemerynski, supra,* and *Knappenberger v. Shea, supra,* is as applicable to issues raised for the first time in reply briefs on post-trial motions as it is to issues asserted for the first time in reply briefs on appeal.

The judgment is affirmed.

TAUBMAN and KAPELKE, JJ., concur.