2014 COA 43

IN the INTEREST OF Phillip DEL-LUOMO, Protected Person, Respondent–Appellee,

and

Janice Eder, Conservator for Phillip Delluomo, Appellee,

v.

Brenda CEDARBLADE, Appellant.

Court of Appeals No. 12CA2513

Colorado Court of Appeals,
Div. VII.

Announced April 10, 2014

Cucullu & Associates, Michael D. Cucullu, Colorado Springs, Colorado, for Respondent–Appellee

Wade Ash Woods Hill & Farley, P.C., Herbert E. Tucker IV, Gregory B. Washington, Denver, Colorado, for Appellee

Law Office of Edward T. Farry, Jr., Edward T. Farry, Jr., Colorado Springs, Colorado, for Appellant

Opinion by JUDGE J. JONES

¶ 1 Defendant, Brenda Cedarblade, appeals the district court's judgment entered on a jury verdict awarding attorney fees to plaintiffs, Phillip Delluomo and his conservator, Janice Eder, based on Ms. Cedarblade's breach of fiduciary duty. Because we conclude that the circumstances of the case do not fit within any recognized exception to the "American rule"—requiring parties to pay their own legal expenses—we vacate the portion of the judgment awarding attorney fees.

## I. Background

¶ 2 Mr. Delluomo created a revocable living trust. He named himself trustee and Wells Fargo Bank as co-trustee. The beneficiaries of the trust were his niece, Ms. Cedarblade, and his nephew, Timothy Corcoran. The trust contained a variety of assets, including several parcels of real property.

¶ 3 A few months after the creation of the trust, Mr. Delluomo executed warranty deeds that effectively removed five parcels of real property from the trust and transferred them into joint tenancy with Ms. Cedarblade. Following several other changes to Mr. Delluomo's financial affairs—changes which appear to have been initiated by at least three potential beneficiaries—reports were filed with El Paso County Adult Protective Services. Ultimately, the court appointed Ms. Eder as Mr. Delluomo's conservator.

¶ 4 Ms. Eder initiated an action on Mr. Delluomo's behalf to quiet title, seeking to

set aside the real property transactions involving Ms. Cedarblade on the basis of undue influence and breach of fiduciary duty, and seeking damages for Ms. Cedarblade's conduct. A jury found that Ms. Cedarblade had exerted undue influence on Mr. Delluomo with regard to the conveyances of property into joint tenancy. Thus, the court set aside the property transfers to Ms. Cedarblade. The jury also found that Ms. Cedarblade had a fiduciary duty to Mr. Delluomo arising out of a confidential relationship, and that she had breached her fiduciary duty with respect to the property conveyances. The jury awarded plaintiffs attorney fees of $315,000, all of which represented fees incurred in this action, based on Ms. Cedarblade's breach of fiduciary duty. The court entered judgment on the jury verdict.

¶ 5 On appeal, Ms. Cedarblade challenges whether, as a legal matter, the jury could award attorney fees as damages. She does not challenge the reasonableness of the amount of fees awarded or any of the jury's other findings.

## II. Discussion

¶ 6 Ms. Cedarblade argues that the circumstances of this case do not fit within the breach of trust exception to the general rule that parties in a lawsuit must pay their own legal expenses. Plaintiffs counter that a court has discretion to award attorney fees in any case where the prevailing party proves a breach of fiduciary duty. We agree with Ms. Cedarblade.

### A. Procedural Facts

¶ 7 Ms. Cedarblade filed a written motion for directed verdict, pursuant to C.R.C.P. 50, on the issues of whether attorney fees could be awarded as damages and whether plaintiffs had introduced any evidence of damages. She argued, as she does on appeal, that no attorney fees should be awarded because the circumstances of the case do not fit within any exception to the American rule. The district court heard argument on the motion. Plaintiffs conceded that there was no evi-

dence to support an award of money damages other than attorney fees. They argued, however, that attorney fees could be awarded based on a breach of fiduciary duty. The court ultimately agreed: "I think if they find she's a fiduciary, and that in that fiduciary capacity, acquired these properties and declined to return them, I think that the case law requires that I give the jury permission to award attorney's fees if they see fit." The court therefore granted Ms. Cedarblade's motion as to damages other than attorney fees, but denied the motion as to attorney fees.

### B. Standard of Review

¶ 8 We review a denial of a motion for a directed verdict de novo. *Just In Case Bus. Lighthouse, LLC v. Murray*, 2013 COA 112, ¶ 45, —— P.3d ——. We also review de novo the issue whether attorney fees are recoverable in this context because it is an issue of law. *First Citizens Bank & Trust Co. v. Stewart Title Guar. Co.*, 2014 COA 1, ¶ 32, 320 P.3d 406; *US Fax Law Ctr., Inc. v. Henry Schein, Inc.*, 205 P.3d 512, 515 (Colo. App.2009) ("[W]e review de novo any statutory interpretation or legal conclusion that provides a basis for such a fee award.").

### C. Applicable Law

¶ 9 Colorado follows the American rule: the parties in a lawsuit must bear their own legal expenses, absent statutory authority, a court rule, or an express contractual provision to the contrary. *In re Estate of Klarner*, 113 P.3d 150, 157 (Colo.2005); *First Citizens Bank & Trust Co.*, ¶ 35, 320 P.3d 406. However, Colorado courts have carved out several common-law exceptions to the American rule, allowing an award of attorney fees in particular circumstances, including a breach of trust. *See Allstate Ins. Co. v. Huizar*, 52 P.3d 816, 821 n.2 (Colo.2002) (listing four common-law exceptions, including "breach of fiduciary duty or breach of trust").[1]

---

1. A breach of trust is a "failure by the trustee to comply with any duty that the trustee owes, as trustee, to the beneficiaries," making it but one species of breach of fiduciary duty. Restatement (Third) of Trusts § 93 (2012).

¶ 10 The breach of trust exception was first recognized by a division of this court in *Heller v. First Nat'l Bank of Denver, N.A.*, 657 P.2d 992 (Colo.App.1982). The beneficiary of a trust prevailed in her suit against the trustee bank for mismanagement of trust funds. *Id.* at 995–96. The division affirmed an award of attorney fees to the beneficiary, citing a treatise explaining that such an award "is to make the injured party whole." *Id.* at 999 (citing G. Bogert, *Trusts & Trustees* §§ 701, 871 (2d ed.1964)). The division concluded that the breach of trust exception applies to actions that "involve the protection of the trust estate from the breach of duty by the trustee." *Id.* at 1000. Thus, in recognizing the exception, the *Heller* division specified (1) the type of fund (trust estate); (2) the type of wrong (breach of duty that affects trust assets); and (3) the type of wrongdoer (trustee) to whom the exception applies.

¶ 11 The supreme court recognized the breach of trust exception in *Buder v. Sartore*, 774 P.2d 1383, 1390–91 (Colo.1989). In *Buder*, a custodian of funds mismanaged the funds by investing them in penny stocks and incurring substantial losses, thereby breaching his fiduciary duty under the Uniform Gifts to Minors Act (UGMA) and the later Uniform Transfers to Minors Act (UTMA). *Id.* at 1384–85, 1388. The supreme court affirmed the award of attorney fees, reasoning that a custodian's breach of a fiduciary duty is sufficiently analogous to a breach of trust to fall within the *Heller* breach of trust exception. *Id.* at 1391.[2] The court concluded that the beneficiaries' UTMA fund was similar to a trust fund, that the custodian breached his duty to properly manage the fund, and that a custodian is similar to a trustee. *See id.* at 1389–91; *see also In re Conservatorship of Roth*, 804 P.2d 265, 267–68 (Colo.App.1990) (holding that a breach of fiduciary duty by a bank acting as a custodian of funds was sufficiently analogous to a breach of trust to warrant an award of attorney fees). The *Buder* decision thus appears to have broadened the application of the breach of trust exception to breaches of fidu-

ciary duty that are closely analogous to a breach of trust.

¶ 12 Colorado appellate courts have consistently denied recovery of attorney fees when the circumstances do not involve a type of fund, type of wrong, or type of wrongdoer at issue in *Heller* and *Buder*.

¶ 13 In *Stevens v. Moore & Co. Realtor*, 874 P.2d 495, 497–98 (Colo.App.1994), for example, a division of this court rejected the argument that the breach of trust exception can be applied to a breach of fiduciary duty not involving management of funds. Realtors breached their fiduciary duty to a client when they failed to notify him of a potential tenant for his property. The division reversed the district court's award of attorney fees premised on the breach. *Id.* The division held: "[t]his limited exception is equitable in nature and applies to breach of trust actions"; thus, "it cannot be reasonably interpreted as applying . . . where a wrongful act was committed by a fiduciary which did not involve any funds of a beneficiary." *Id.* at 498.

¶ 14 In *Anstine v. Alexander*, 128 P.3d 249, 259 (Colo.App.2005), *rev'd on other grounds*, 152 P.3d 497, 503 (Colo.2007), another division of this court also concluded that a breach of fiduciary duty did not satisfy the breach of trust exception where the fiduciary did not have the duty to manage funds for a beneficiary. The division concluded that the exception applies only "in breach of trust actions where a fiduciary holds funds in trust for the benefit of a party who is ultimately injured by the breach." *Id.*; *see also Moore v. Edwards*, 111 P.3d 572, 574 (Colo.App. 2005) (holding that an award of attorney fees is available "only to prevailing beneficiaries," not to a prevailing trustee); *Smith v. Mehaffy*, 30 P.3d 727, 733 (Colo.App.2000) (interpreting *Heller*, *Buder*, and *Bernhard v. Farmers Ins. Exch.*, 915 P.2d 1285 (Colo. 1996), as limiting application of the exception to a "breach of fiduciary duty by a custodian of funds").

---

**2.** The court's reasoning also finds support in the Restatement (Third) of Trusts § 5 cmt. a(1), which explains that UTMA funds are treated as trusts. Although UTMA custodianships "techni-

cally are not trust entities, this Restatement treats these particular custodianships and custodians respectively as trusts and trustees." *Id.*

¶ 15 The most recent supreme court case on the issue reiterated that the exception applies only when a "breach of trust" has occurred. *In re Estate of Klarner*, 113 P.3d at 157 (reversing an award of attorney fees under the breach of trust exception because, among other reasons, the district court did not explicitly find a breach of trust); *see also Bernhard*, 915 P.2d at 1289–90 (concluding that an insurer is a quasi-fiduciary rather than a true fiduciary; thus, the breach of trust exception does not apply to a bad faith breach of insurance contract claim).

■ ¶ 16 The supreme court has expressly cautioned against liberally construing exceptions to the American rule. Courts should not create new exceptions because that is "a function better addressed by the legislative than the judicial branch of government." *Bernhard*, 915 P.2d at 1288; *see also Huizar*, 52 P.3d at 820–21; *First Citizens Bank & Trust Co.*, ¶ 38.

### D. Analysis

#### 1. Scope of the Breach of Trust Exception

■ ¶ 17 The parties agree on the governing law, but disagree on whether that law allows an award of attorney fees in any breach of fiduciary duty action. Plaintiffs correctly point out that some language in Colorado decisions could be read to broaden the application of the exception to any action proving a breach of fiduciary duty. Most notably, the supreme court in *Bernhard* said, "[a]ttorney fees may be recoverable in an action for breach of fiduciary duty as a recognized exception to the American rule." 915 P.2d at 1289. Also, in dictum listing common-law exceptions to the American rule, the supreme court has described the exception as applying to "breach of fiduciary duty *or* breach of trust." *Id.* at 1287 n. 3 (emphasis added); *see also Huizar*, 52 P.3d at 821 n. 2. As a result, courts and practitioners have

struggled to discern the scope of the exception with certainty.[3]

¶ 18 We conclude that the supreme court in *Bernhard* did not broaden the application of the exception to any action involving a breach of fiduciary duty. We reach this conclusion for four reasons.

¶ 19 First, the court expressly cautioned against courts creating new exceptions to the American rule. *Bernhard*, 915 P.2d at 1288. We find it unlikely that the court intended to do just that in a case where it did not need to decide whether to do so.

¶ 20 Second, the court cited only to *Heller* and *Buder* when noting the exception. It did not cite any authority supporting the idea that the exception applies to every breach of fiduciary duty. Thus, we interpret the court's statement as merely describing the holdings in *Heller* and *Buder* (as a backdrop to its discussion of whether an insurer was a true fiduciary), rather than a broadening of the exception. *See Smith*, 30 P.3d at 733 (also concluding that the trio of *Heller*, *Buder*, and *Bernhard* require that the breaching fiduciary be a custodian of funds).

¶ 21 Third, plaintiffs do not cite any Colorado decision in the eighteen years since *Bernhard*—and we have not found one—allowing an award of attorney fees as damages based solely on a breach of a fiduciary duty. To the contrary, divisions of this court have refused to award attorney fees based solely on a breach of fiduciary duty when the breach did not closely resemble a breach of trust. *See Anstine*, 128 P.3d at 259–60; *Stevens*, 874 P.2d at 497–98; *cf. Rifkin v. Steele Platt*, 824 P.2d 32, 35 (Colo.App.1991) (in a breach of fiduciary duty action, the court awarded attorney fees based on a contractual provision, not based on a common-law exception for such actions).

¶ 22 Fourth, the most recent guidance from the supreme court reinforces a narrow

---

3. *See, e.g., Scott's Liquid Gold–Inc. v. Lexington Ins. Co.*, 97 F.Supp.2d 1226, 1234 (D.Colo.2000) (based on *Bernhard*, interpreting Colorado law to recognize a "breach of fiduciary duty" exception separate from the "breach of trust" exception), *aff'd in part, rev'd in part*, 293 F.3d 1180 (10th Cir.2002); *Campbell v. State Farm Mut. Auto. Ins. Co.*, 65 P.3d 1134, 1169 (Utah 2001) (same),

*rev'd*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003); *see also* John R. Webb, *Revisiting the Recovery of Attorney Fees and Costs in Colorado*, 33 The Colorado Lawyer 11 (Apr. 2004) ("The exception is *probably* limited to actions involving both a breach of trust and funds of a beneficiary." (emphasis added)).

interpretation of the exception by demanding a finding of a "breach of trust" before attorney fees may be awarded. *In re Estate of Klarner*, 113 P.3d at 157.

¶ 23 In sum, although the supreme court's language and emphasis have varied, we conclude that *Buder, Bernhard,* and *Klarner* can be harmonized to define the scope of the exception as encompassing breach of trust actions or breach of fiduciary duty actions that are closely analogous to breach of trust actions. To the extent that any inconsistency exists, we follow the supreme court's most recent guidance in *Klarner*. *See Justus v. State,* 2012 COA 169, ¶ 50, —— P.3d —— (*cert. granted* Aug. 5, 2013).

¶ 24 Contrary to plaintiffs' argument, an award of attorney fees in the immediate context is not dictated by cases allowing fee awards in other contexts, such as: (1) actions for slander of title, *see Sussex Real Estate Corp. v. Sbrocca,* 634 P.2d 999, 1002 (Colo. App.1981); (2) actions against agents who violate the Uniform Power of Attorney Act, *see* §§ 15–14–701 to –745, C.R.S.2013; and (3) surcharge proceedings under the Colorado Probate Code, *see* § 15–10–504, C.R.S. 2013.[4] Plaintiffs do not explain why the fact that attorney fees may be awarded in these other contexts affects the scope of the breach of trust exception.

### 2. Application of the Breach of Trust Exception

¶ 25 This was not a breach of trust action. Therefore, we must determine whether plaintiffs' breach of fiduciary duty action was sufficiently analogous to a breach of trust action to come within the scope of the breach of trust exception. We conclude that it was not.

¶ 26 Ms. Cedarblade's breach of duty did involve assets in a trust account. Ms. Cedarblade used undue influence to convince Mr. Delluomo to transfer property from his trust account. We reject Ms. Cedarblade's argument that merely because the transactions involved real property rather than money, the exception cannot apply. Though the cases applying the exception have typically involved money, we perceive no principled basis on which to draw distinctions based on the type of trust assets at issue.

¶ 27 However, we conclude that Ms. Cedarblade's breach of fiduciary duty stemming from her confidential relationship with Mr. Delluomo did not closely resemble a breach of trust. A trustee's duty springs from the underlying legal agreement to manage property and is bounded by the scope of that relationship; in contrast, the duty of a confidential relation arises from superiority and influence, is borne by the individual, is not expressly agreed upon, and involves property only incidentally. *See Moses v. Diocese of Colo.,* 863 P.2d 310, 321–22 (Colo.1993) (explaining two distinct sources of fiduciary duties, i.e., a legal relationship or a confidential relation). Ms. Cedarblade breached her duty as an individual rather than any duty owed based on a relationship to manage property. *See* Restatement (Third) of Trusts § 93 cmt. b (" '[B]reach of trust' does not include a trustee's failure to perform a duty owed *individually,* rather than as trustee." (emphasis in original)); *see also* Comment, *The Confidential Relationship Theory of Constructive Trusts—An Exception to the Statute of Frauds,* 29 Fordham L.Rev. 561, 561–62 (1961) ("The confidential relationship has at times been identified with that of a true fiduciary. The two are not synonymous.... The true fiduciary relationship ... can generally be placed into distinct categories wherein an underlying legal relationship also exists."). Abusing personal influence is dissimilar to mismanaging funds.

¶ 28 In any event, Ms. Cedarblade was not a trustee or custodian of funds (or other trust assets). She was a beneficiary of the trust estate. She had no control over the funds until after she had completed her wrongful act. She did not have a duty to manage the funds for a beneficiary who was ultimately

4. Plaintiffs do not appear to argue that this case falls within any of these common law or statutory exceptions. In this case, the cause of action was not slander of title, *see Price v. Tyler,* 890 So.2d 246, 251 (Fla.2004) (distinguishing between slander of title actions and actions to quiet title); Ms. Cedarblade did not have power of attorney; and this was not a surcharge proceeding.

injured by her breach. *See Buder*, 774 P.2d at 1390–91; *Smith*, 30 P.3d at 733; *Stevens*, 874 P.2d at 497–98.[5]

### III.  Conclusion

¶ 29 Because the circumstances of this case do not fit within the breach of trust exception to the American rule, the district court erred when it denied Ms. Cedarblade's motion for directed verdict and allowed the jury to award attorney fees to plaintiffs.  The portion of the judgment awarding attorney fees is vacated.

JUDGE FOX and JUDGE NAVARRO concur.

5.  We note that this case does not involve any fees incurred as a result of litigation against a third party, and hence does not concern fees awardable as damages under the "wrong-of-another" doctrine. *See Rocky Mountain Festivals, Inc. v. Parsons Corp.*, 242 P.3d 1067, 1071 (Colo.2010); *Bernhard v. Farmers Ins. Exch.*, 915 P.2d 1285, 1287 n. 3 (Colo.1996).