25CA0072 Marriage of Kinning 10-30-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0072
City and County of Denver District Court No. 18DR30212
Honorable Jennifer B. Torrington, Judge

---

In re the Marriage of

Jon Lynn Kinning,

Appellee,

and

Aimee Suzanne Kinning,

Respondent,

and

Samuel J. Stoorman and Associates, P.C.,

Attorney-Appellant.

---

APPEAL DISMISSED IN PART
AND ORDER AFFIRMED

Division VI
Opinion by JUDGE WELLING
Sullivan and Martinez*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 30, 2025

---

Faegre Drinker Biddle & Reath LLP, Mechelle Y. Faulk, Denver, Colorado, for
Appellee

No Appearance for Respondent

Haeberle Law, PLLC, William A. Haeberle, Englewood, Colorado, for Attorney-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     In this proceeding involving Samuel J. Stoorman and Associates, P.C. (the firm) and Jon Lynn Kinning (husband), the firm appeals the district court's order concerning the enforcement of its statutory attorney's lien against its former client, Aimee Susanne Kinning (wife).  We dismiss the appeal in part and affirm the order.

## I.     Relevant Facts

¶ 2     In 2014, husband and wife entered into a marital agreement (MA) providing that any equity in their jointly titled Vail residence would be treated as marital property subject to equal division.

¶ 3     Four years later, the district court dissolved the marriage.  In the permanent orders, the court allocated the Vail residence to husband and set aside the $500,000 down payment as his separate property.  On appeal, a division of this court vacated the judgment and remanded, instructing the district court to classify the down payment as marital property and to split it equally as required under the MA.  *See In re Marriage of Kinning*, slip op. at 15-16 (Colo. App. No. 19CA0123, Apr. 23, 2020) (not published pursuant to C.A.R. 35(e)).

¶ 4     The district court on remand, however, again allocated the down payment to husband as his separate property.  Another

1

division of this court reversed and remanded with directions, making it clear that the down payment must be included in the marital estate. *See In re Marriage of Kinning*, slip op. at 22 (Colo. App. No. 22CA1121, Dec. 14, 2023) (not published pursuant to C.A.R. 35(e)).

¶ 5 Thereafter, the firm withdrew as wife's counsel. The firm then initiated a foreclosure on its statutory attorney's lien against her, seeking a judgment for $110,338.

¶ 6 On May 2, 2024, the district court enforced the firm's lien, entering judgment against wife and in favor of the firm in the amount of $110,338 to be paid from the "monies and property awarded to [wife]," plus 1.5% monthly interest. The court added that the firm was "entitled to its costs and fees incurred in collecting upon the judgment."

¶ 7 At the second remand hearing ten days later, husband was present with counsel; wife, still unrepresented, chose not to appear.

¶ 8 On June 13, 2024, the district court ordered that husband could satisfy wife's $250,000 share of the down payment by transferring to her an equivalent amount of his 401(k) funds via a

qualified domestic relations order (QDRO).  No one appealed the judgment.

¶ 9    On June 27, 2024, the firm then filed a forthwith motion urging the district court to modify the QDRO so that its lien would be satisfied directly from the transferred funds:

> What need[s] to be addressed . . . is the method by which [husband] should satisfy the May 2 and June 13 [o]rders.  The May 2, 2024 [o]rder directs that $110,338.31 (plus interest) of after-tax monies be paid to the [f]irm.  The June 13, 2024 [o]rder directs that [husband] pay to [wife] the sum of $250,000 in pre-tax monies.  The QDRO should and may be carefully crafted to accomplish both of the court's orders.  Accordingly, the [f]irm requests that . . . the QDRO . . . require that the principal and interest ordered May 2, 2024 be paid directly to the [f]irm from [husband's] account or from the transfer agent after the funds are beneficially owned by [wife], yet delineated in any instance as paid to the [f]irm by [wife] (to avoid any liability to [husband]; thus any taxes owing will be the sole obligation of [wife]) and the balance paid to [wife] as she directs.

¶ 10    On December 2, 2024, the district court issued an order, reiterating the lien's validity but declining to alter the QDRO.  The court required wife to satisfy the $110,338 judgment within sixty

3

days and stated that the firm could "use the full range of creditors' remedies."

¶ 11    On January 16, 2025, the firm filed its notice of appeal, challenging the December 2, 2024, order.

## II.    Discussion

### A.    June 13 Judgment

¶ 12    The firm contends that the June 13, 2024 judgment (1) contravened the mandates of the two prior appeals by allowing husband to pay wife $250,000 of pretax funds; (2) denied its procedural due process rights as it received no notice of the second remand hearing; and (3) violated the attorney's lien statute, section 13-93-114, C.R.S. 2025, by "[c]hanging the character and value of the property previously adjudicated to be encumbered."

¶ 13    Even assuming the firm has standing to seek appellate review of the June 13, 2024 judgment — and we are dubious that it does — we lack jurisdiction to review it.  This is because the deadline to appeal that judgment was August 1, 2024, and the notice of appeal was filed on January 16, 2025.  *See* C.A.R. 4(a)(1) (in a civil case, a notice of appeal must be filed within forty-nine days after entry of the order being appealed); *In re Marriage of*

*James*, 2023 COA 51, ¶ 8 ("The timely filing of a notice of appeal is a jurisdictional prerequisite for appellate review."). As a result, we must dismiss this portion of the appeal. *See In re Marriage of Roddy*, 2014 COA 96, ¶ 12 (appellate court lacks jurisdiction to review issues resolved in orders not appealed).

## III. December 2 Order

¶ 14 The firm also contends that the December 2, 2024, order is unfair. To get there, it says that "if a QDRO is to be used as the [district] court directed, neither [w]ife nor [the] [f]irm will get paid, as [the] [f]irm cannot be an alternate payee under the QDRO, and [h]usband will happily sit back and smile as the years continue to slip by without having to pay anyone." The firm gives us no supporting legal analysis. So, we decline to address the issue. *See In re Marriage of Zander*, 2019 COA 149, ¶ 27 (an appellate court may decline to consider an argument not supported by legal authority or any meaningful legal analysis), *aff'd*, 2021 CO 12; *see also Vallagio at Inverness Residential Condo. Ass'n v. Metro. Homes, Inc.*, 2017 CO 69, ¶ 40 (an appellate court will "decline to assume the mantle" when parties offer no supporting arguments for their claims). To the extent that the firm expands on its contention in

the reply brief, we do not address those new arguments either. *See In re Marriage of Dean*, 2017 COA 51, ¶ 31.

¶ 15     Next, the firm asserts that the district court erred by not charging husband 8% statutory interest for wrongfully withholding its "Vail [condominium] money" in disregard of section 5-12-102(1)(a), C.R.S. 2025.

¶ 16     The firm first raised this issue in its reply brief to its forthwith motion, so husband was deprived of the opportunity to respond. And the court made no findings or conclusions as to the firm's assertion. Thus, this issue wasn't properly preserved and isn't properly before us. *See Grohn v. Sisters of Charity Health Servs. Colo.*, 960 P.2d 722, 727 (Colo. App. 1998) ("Arguments raised for the first time in a reply brief before a [district] court are not properly before an appellate court where the opposing party was unable to respond, and the [district] court made no findings or conclusions with respect to that contention."); *see also Flagstaff Enters. Constr. Inc. v. Snow*, 908 P.2d 1183, 1185 (Colo. App. 1995) (issue not preserved for appellate review when raised for first time in a reply in support of a C.R.C.P. 59 motion). Accordingly, we won't address it.

¶ 17 Similarly, the firm's claim for attorney fees in collecting on its lien was first raised in its reply brief to its forthwith motion, never ruled on by the district court, and is thus likewise unpreserved. *See Grohn*, 960 P.2d at 727.

## IV. Appellate Attorney Fees

¶ 18 The firm seeks an award of appellate attorney fees under C.A.R. 39.1 and section 13-17-102, C.R.S. 2025, alleging that husband expanded the proceedings by repeatedly taking frivolous and groundless positions contrary to the MA and the prior mandates from this court. We deny the request for two reasons. First, the firm's arguments concern the permanent orders judgment, and it doesn't specifically explain how they relate to the December 2, 2024, order. Second, the firm identifies no district court finding of frivolous, groundless, or vexatious conduct by husband during the proceedings.

¶ 19 Husband, for his part, asks for his appellate attorney fees under section 13-17-102, maintaining that the appeal lacks substantial justification. We exercise our discretion and deny the request. *See* C.A.R. 39.1.

## V.    Disposition

¶ 20    We dismiss the part of the firm's appeal challenging the June 13, 2024, judgment and affirm the December 2, 2024, order.

JUDGE SULLIVAN and JUSTICE MARTINEZ concur.