Ivory BUNTING, Plaintiff–Appellee,

v.

REGIONAL TRANSPORTATION DISTRICT, Defendant–Appellant.

No. 95CA0642.

Colorado Court of Appeals, Div. III.

May 16, 1996.

Wilson & Associates, P.C., William J. Crichton, III, Denver, for Plaintiff–Appellee.

Roger C. Kane, Denver, for Defendant–Appellant.

Opinion by Judge ROY.

In this action to recover personal injury protection (PIP) benefits, defendant, Regional Transportation District (RTD), appeals the

trial court's judgment awarding plaintiff, Ivory Bunting, $13,500 in attorney fees. We reverse and remand for further proceedings.

Plaintiff was injured when an RTD bus in which he was riding was struck by a car. As a result of this accident, plaintiff was transported to a local hospital where he was examined and treated. RTD paid for the cost of this treatment.

Approximately three months after the accident, plaintiff began chiropractic therapy and sought reimbursement for this therapy from RTD. Initially, RTD authorized payment for several of plaintiff's treatments and sent a check to the chiropractor. However, for unexplained reasons, that check was not cashed.

Later, RTD requested that plaintiff submit to an independent medical examination (IME) so that it could verify that the chiropractic treatments were reasonable and necessary and related to the accident. Plaintiff refused, contending that RTD had no legal basis upon which to require him to do so.

Eventually, however, plaintiff submitted to an IME performed by a physician selected by RTD. Based on the IME report, RTD refused to pay for plaintiff's chiropractic treatments and requested that he undergo another IME with a different doctor.

Plaintiff then brought this action seeking to recover the cost of the chiropractic therapy plus attorney fees and costs. After a bench trial, the court issued an oral ruling determining that plaintiff's symptoms were causally related to the accident and that the chiropractic treatments were reasonable and necessary expenses. Accordingly, it ruled that RTD was liable for $2,584.70 in PIP benefits, the full amount sought by plaintiff. The court also determined that, pursuant to § 10–4–708(1.7)(c), C.R.S. (1994 Repl.Vol. 4A), plaintiff was entitled to 100% of his reasonable and necessary attorney fees. Thereafter, it entered a written judgment pursuant to C.R.C.P. 58(a) incorporating its oral findings.

RTD then filed a motion to amend the judgment with regard to the trial court's ruling on plaintiff's entitlement to attorney fees. Because it did not act upon RTD's motion within 60 days, the trial court entered a ruling concluding that it was without jurisdiction to consider the motion. The parties stipulated as to the amount of attorney's fees and the court then entered a written judgment in favor of plaintiff awarding him $2,584.70 in PIP benefits and $13,500 in attorney fees.

### I.

■ At the outset, we reject plaintiff's contention that this appeal is moot because of the parties' stipulation concerning attorney fees and costs. From our review of the stipulation, it is readily apparent that it was conditioned on the trial court's complete denial of RTD's motion to amend the judgment. Moreover, the stipulation dealt only with the amount of attorney fees the trial court could award and not whether attorney fees were awardable in the first instance. Thus, we conclude that the stipulation did not constitute a waiver of RTD's right to appeal plaintiff's entitlement to attorney fees. Accordingly, we also reject plaintiff's contention that he should be awarded his appellate attorney fees pursuant to § 13–17–102, C.R.S. (1987 Repl.Vol. 6A).

### II.

RTD contends that the trial court erred in determining that plaintiff was entitled to all of his reasonable and necessary attorney fees pursuant to § 10–4–708(1.7)(c). Under the circumstances presented here, we conclude that further proceedings are necessary.

### A.

■ The General Assembly enacted the Colorado Auto Accident Reparations Act (the No–Fault Act), § 10–4–701, et seq., C.R.S. (1994 Repl.Vol. 4A), "to avoid inadequate compensation to victims of automobile accidents...." Section 10–4–702, C.R.S. (1994 Repl.Vol. 4A); *see Meyer v. State Farm Mutual Automobile Insurance Co.*, 689 P.2d 585 (Colo.1984). To facilitate this goal, the No–Fault Act mandates prompt payment of all reasonable and necessary expenses for chiropractic services performed within five years after the accident. Sections 10–4–706(1)(b)

and 10–4–708, C.R.S. (1994 Repl.Vol. 4A). The No–Fault Act also requires that the insurer must promptly pay any compensable expense.

At the time pertinent here, § 10–4–708(1), C.R.S. (1994 Repl.Vol. 4A) provided in pertinent part:

> Benefits for any period are overdue if not paid within *thirty days after the insurer receives reasonable proof of the fact and amount of expenses incurred during that period* .... If reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within thirty days after such proof is received by the insurer. *Any part or all of the remainder of the claim that is later supported by reasonable proof is overdue if not paid within thirty days after such proof is received by the insurer.* (emphasis added)

■ Thus, under this provision, if the insurer fails to pay PIP benefits when due, the claimant may bring an action in contract to recover the unpaid benefits. The claimant, if successful, may recover attorney fees under § 10–4–708(1.7)(c).

Section 10–4–708(1.7)(c) provides in pertinent part:

> In determining the amount of attorney fees, *if any,* to be awarded to the insured the arbitrator or court shall consider the following:
> (I) *The award of attorney fees to the insured shall be in direct proportion to the degree by which the insured was successful in the proceeding.* The determination of the degree of the insured's success shall be based upon a comparison of the amount of benefits set forth in the notice of amount of benefits claimed and the amount of benefits recovered in the proceeding. The percentage resulting from this comparison shall be the degree by which the insured was successful. (emphasis added)

Here, with regard to plaintiff's claim for PIP benefits, the trial court stated that the issue of the reasonableness and necessity of plaintiff's chiropractic treatments "can, in reality, be resolved only at this time." After determining that the treatments were, in fact, reasonable and necessary and causally related to the accident, the court noted: "I do not believe that I could hold the defendant responsible for [not] having come to this conclusion earlier."

The trial court then addressed whether plaintiff could recover his attorney fees. The trial court concluded that, based on a straightforward application of § 10–4–708(1.7)(c)(I) and its determination that plaintiff was entitled to 100% of the PIP benefits he sought, plaintiff was entitled to 100% of his reasonable and necessary attorney fees.

RTD argues that, based on the trial court's factual findings, it did not receive reasonable proof of the fact and amount of plaintiff's expenses until trial. Thus, it asserts that because it paid those benefits within 30 days of the trial, its payment was not overdue, and it should not be liable for plaintiff's attorney fees under § 10–4–708(1.7)(c). Insofar as we conclude that a trial court has discretion to deny a successful claimant an award of attorney fees, we conclude that further proceedings are appropriate.

### B.

■ In interpreting a statute, our primary goal is to give effect to the intent of the General Assembly. To determine this intent, we construe statutory terms in accordance with their plain and ordinary meaning. When, as here, the statutory language is clear, we need not employ interpretative rules of statutory construction. *See Farmers Insurance Exchange v. Dotson,* 913 P.2d 27 (Colo.1996).

■ The General Assembly, by using the phrase "if any" in § 10–4–708(1.7)(c), evidenced an intent to give the trial court discretion with regard to whether a plaintiff would be entitled to an award of attorney fees. This interpretation is consistent with § 10–4–708(1), which provides that any part or all of a claim is not overdue until 30 days after the insurer receives *reasonable proof of the fact and amount of the claim.*

■ Accordingly, it logically follows that a trial court should not hold the insurer liable

for a claimant's attorney fees unless it determines that the insurer failed to pay the benefits when due. Therefore, if a trial court determines that the claimant has not shown reasonable proof of the fact and the amount of the claim for PIP benefits until trial, the court, with appropriate findings, may decline to award a successful claimant any attorney fees. This process prevents a claimant from profiting from his failure to prove his claim until trial. *Cf. Leland v. Travelers Indemnity Co.,* 712 P.2d 1060 (Colo.App.1985) (insurer who failed to pay benefits when due based on a good faith belief upon reasonable grounds that the policy had been cancelled still liable for the insured's attorney fees under predecessor statute).

We note, however, that if the trial court determines that a claimant is entitled to attorney fees, it must then award fees in accordance with § 10–4–708(1.7)(c). Section 10–4–708(1.7)(c)(I), C.R.S. (1994 Repl.Vol. 4A) provides that the award shall be in direct proportion to the degree by which the insured is successful. A court may modify the award only as provided in § 10–4–708(1.7)(c)(II), C.R.S. (1994 Repl. Vol. 4A), and the award may not be in excess of actual reasonable attorney fees. *See* § 10–4–708(1.7)(c)(III), C.R.S. (1994 Repl. Vol. 4A); *see also Spensieri v. Farmers Alliance Mutual Insurance Co.,* 804 P.2d 268 (Colo.App.1990) (if a statute pursuant to which an award of attorney fees is made does not provide a specific definition of reasonable, then the court should determine award in light of the time and effort reasonably expended by the prevailing party's attorney).

Therefore, in light of the trial court's conclusion that an award of attorney fees was mandatory even though it found that RTD could not have determined the reasonableness, necessity, and relatedness of its claimant's expenses until trial, we conclude that further proceedings are necessary. At such proceedings, the parties may present, as the trial court determines is necessary, any arguments and evidence to support their respective positions. In determining whether attorney fees should be awarded, the trial court is directed to apply the standards set forth above.

The judgment is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

PLANK and NEY, JJ., concur.