**Michelle ADAMS and Chris Williams, Plaintiffs–Appellees,**

v.

**FARMERS INSURANCE GROUP, Defendant–Appellant.**

No. 96CA1252.

Colorado Court of Appeals, Div. II.

Nov. 13, 1997.

Rehearing Denied Dec. 26, 1997.

Certiorari Granted July 20, 1998.

Buchanan, Jurdem & Zulauf, P.C., Karen Zulauf, Leventhal & Bogue, P.C., Bruce J. Kaye, Grant Marylander, Denver, for Plaintiffs–Appellees.

Patterson & Nuss, P.C., Franklin D. Patterson, Englewood, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, Farmers Insurance Group (Farmers), appeals the trial court's order awarding plaintiffs their attorney fees incurred in prosecuting this action to recover personal injury protection (PIP) benefits. We reverse.

Plaintiffs were insured under an automobile insurance policy issued by Farmers. In 1992, they were injured in a motor vehicle accident. They brought suit against Farmers alleging, *inter alia*, a statutory claim for PIP benefits under the Colorado Auto Accident Reparations Act, § 10–4–701 et seq., C.R.S.1997 (the No–Fault Act), bad faith breach of insurance contract, negligent misrepresentation, outrageous conduct and willful and wanton conduct. They also requested attorney fees as permitted by the No–Fault Act. *See* § 10–4–708(1.7)(c), C.R.S. 1997.

Following a two-week trial, the jury found for Farmers on all claims except the one arising under the No–Fault Act. As to that one claim, the jury determined plaintiffs had proven past and future PIP benefits in the amount of $22,000, representing 38% of the total PIP benefits plaintiffs sought. However, in response to a specific interrogatory asking whether Farmers had failed to pay any PIP benefits when due, the jury answered in the negative.

Following a separate hearing, the trial court awarded plaintiffs approximately $99,-000 in attorney fees pursuant to § 10–4–708, C.R.S. 1997, representing 38% of the fees incurred in connection with the No–Fault Act claim.

Farmers does not appeal the judgment entered pursuant to the jury verdict, but bases its appeal solely upon the propriety of the attorney fees award. Specifically, Farmers contends the trial court was not authorized to award attorney fees pursuant to § 10–4–708 without a finding that the insurer had failed to pay PIP benefits when due. We agree.

■ In the absence of a statute, court rule, or private contract to the contrary, attorney fees are not recoverable by a prevailing party in either a contract or tort action. *Bernhard v. Farmers Insurance Exchange,* 915 P.2d 1285 (Colo.1996).

■ A threshold determination must be made regarding the circumstances under which § 10–4–708 authorizes a court to award attorney fees. Because this determination involves a matter of statutory interpretation and is a question of law, the trial court's determination is subject to *de novo* review. *See Fogg v. Macaluso,* 892 P.2d 271 (Colo.1995); *M.S. v. People,* 812 P.2d 632 (Colo.1991) (trial court's interpretation of statute is not an exercise of discretion, and reviewing court need not defer to its decision).

As relevant here, § 10–4–708(1), C.R.S. 1997, provides that:

In the event that the insurer fails to pay such benefits *when due,* the person entitled to such benefits may bring an action in contract to recover the same. (emphasis added)

Section 10–4–708(1.7)(c)(I), C.R.S. 1997 also provides that:

In determining the amount of attorney fees, *if any,* to be awarded to the insured the ... court shall consider ... the degree by which the insured was successful in the proceeding. (emphasis added)

Based on this statutory language, we conclude that an essential element of a statutory claim for PIP benefits is that the insurer failed to pay such benefits when due. Without this predicate act, the statutory claim fails and, with it, the court's authority to award fees to the insured under § 10–4–708(1.7)(c).

Contrary to plaintiffs' contention, *Bunting v. Regional Transportation District,* 919 P.2d 924 (Colo.App.1996), does not give a trial court discretion to award attorney fees to an insured without an initial finding that PIP benefits were overdue.

There, as here, plaintiff filed an action to collect PIP benefits pursuant to the No–Fault Act and, following a bench trial, plaintiff was awarded the PIP benefits sought plus attorney fees. The trial court did not find the PIP benefits were overdue. In fact, it implied to the contrary by finding that: (1) the reasonableness and necessity of the PIP benefits could only have been resolved at the time of trial; and (2) it could not "hold the [insurer] responsible for [not] having come to this conclusion earlier." *Bunting v. Regional Transportation District, supra,* 919 P.2d at 927.

Despite these findings, the trial court nevertheless concluded that an award of attorney fees to the insured was required by § 10–4–708(1.7)(c). Insurer appealed, asserting that attorney fees could not be awarded without a specific finding that the PIP benefits were overdue.

A division of this court reversed the order for attorney fees and remanded for further proceedings, agreeing with the insurer that attorney fees *cannot* be awarded to an insured bringing a statutory claim for PIP benefits unless the insured proves the insurer failed to pay such benefits when due:

[A] trial court should not hold the insurer liable for a claimant's attorney fees unless it determines that the insurer failed to pay the benefits when due.

*Bunting v. Regional Transportation District, supra,* 919 P.2d at 927–28.

The *Bunting* court added that, even if an insured proves the insurer failed to pay PIP benefits when due, the trial court still is not required by § 10–4–708(1.7)(c) to award the insured attorney fees. A trial court in its discretion may deny attorney fees even to a successful insured. *Cf. Leland v. Travelers Indemnity Co.,* 712 P.2d 1060 (Colo.App. 1985) (under predecessor statute, award of attorney fees to insured who proved insurer failed to pay PIP benefits when due was mandatory). However, *Bunting* did not dispense with the requirement that, in order to be a successful insured in this context, the insured first must prove all essential elements of the statutory claim for PIP benefits, including the fact that the benefits were overdue.

■ In summary, we hold that a prerequisite to the trial court's authority to award an insured attorney fees under § 10–4–708(1.7)(c) is a finding by the factfinder that the insurer failed to pay PIP benefits when due.

Here, the issue whether Farmers failed to pay PIP benefits when due was squarely decided by the factfinder. *See Klein v. State Farm Mutual Automobile Insurance Co.,* 948 P.2d 43 (Colo.App.1997) (whether insurer receives reasonable proof that expenses were reasonable and necessary under No–Fault Act is a question of fact).

A special verdict form was presented to the jury, prepared and submitted by plaintiffs, which asked whether Farmers had:

fail[ed] to pay medical bills, rehabilitation bills, occupational retraining bills, or lost wages claimed by [plaintiffs] within 30 days of receiving reasonable proof of the fact and amount of the expense (except Defendant Farmers may accumulate

claims for periods not exceeding one month, and benefits are not overdue if paid within fifteen days after the period of accumulation).

■ This interrogatory substantially tracks the definition of "overdue" found in § 10–4–708(1). Although there was evidence indicating that certain bills may not have been paid timely, the jury expressly found that the PIP benefits were not overdue. Because plaintiffs do not assert any inconsistency in the verdicts or otherwise challenge this finding, we are bound by the jury's verdict, *Hock v. New York Life Insurance Co.*, 876 P.2d 1242 (Colo.1994), and thus, the award of attorney fees cannot stand.

Order reversed.

CRISWELL and DAVIDSON, JJ., concur.